Morgan, J.
In December, 1866, plaintiff brought this suit in the district court, parish of Ouachita, to forecjose via ordinaria a mortgage note for $2355.
In May, 1869, it was transferred to the parish court and judgment was rendered on said note against the defendant, and the mortgage note was rendered executory.
Under this foreclosure of mortgage the land was sold and plaintiff bought it for $1600, paying the costs and retaining the price in satisfaction of her execution. In the meantime suit had been brought in the parish court to annul the judgment, because the court which rendered it was without -jurisdiction ratíone materias, and the judgment annulling it was rendered nine days after the said sale.
After considerable delay the plaintiff began to press her original suit in the district court to foreclose the mortgage, and the defendant, in bar of the action, pleaded the prescription of five years; also the peremption of the mortgage was pleaded. This was on eighteenth December, 1874. At the trial, on twenty-ninth March, 1875, the court rejected the plea of prescription as to the note, and gave plaintiff a personal judgment against the succession of the defendant, who had died, *631 subsequent to tbe institution of this suit. The demand on the mortgage was rejected on the ground that it had not been reinscribed within ten years, and the reinscription thereof against the succession, which was made three years after the peremption, could not revive the mortgage against the succession of defendant.
The court also held that the proceedings, judgment and sale of the parish court had and obtained on this mortgage note for $2355, were all absolute nullities, because that court was without jurisdiction ratione mater-ice, the matter in dispute exceeding $500.
As the defendant only has appealed, the inquiry is limited to the correctness of the ruling of the learned judge who tried this case in regard to the mortgage set up by plaintiff. We think his conclusion that, after a mortgage has once perempted, it can not be revived against a succession by the registry thereof after the lapse of ten years, is entirely correct. No preference over ordinary creditors of a succession can be gained in that way. He also was right in holding that the judgment of the parish court and all proceedings thereunder in attempting to enforce this mortgage note for $2355, were absolute nullities, that court being without jurisdiction rations materlce.
The judgment appealed from is undoubtedly correct.
Judgment affirmed.